UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEREMY ISTRE ET AL**              :       **DOCKET NO. 2:25-cv-00622**

**VERSUS**                          :       **JUDGE DAVID C. JOSEPH**

**BTR-WAY LOGISTICS LLC ET AL**     :       **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM ORDER

Before the court is *Plaintiffs' Motion to Compel Discovery Responses from Defendant BTR-Way Logistics, LLC*. Doc. 13. Defendants BTR-Way Logistics, LLC and Azamat Samykbayev opposed the motion [doc. 18] and Plaintiffs replied [doc. 19]. A hearing was set for January 28, 2026, regarding the matter. Doc. 17. On that date, Plaintiffs' counsel appeared, but defense counsel did not due to inclement weather affecting his locality. Accordingly, the hearing was continued without date, and the court has now elected to resolve the instant motion on the pleadings. For the reasons set forth below, the court finds that the motion should be **GRANTED**.

### I.
#### BACKGROUND

This dispute arises from an automobile collision between plaintiff Alicia Wilson Istre and defendant Azamat Samykbayev. Doc. 1, att. 3. Plaintiffs, Alicia Wilson Istre and her husband Jeremy Istre, individually and on behalf of their minor son who was a passenger in the Istre vehicle at the time of the accident, seek recovery from Samykbayev, the driver of the other automobile; his then-employer, BTR-Way Logistics, LLC ("BTR-Way"); and Plaintiffs' insurance provider, State Farm Mutual Automobile Insurance Company. *Id.* at ¶¶ 1-5.

On June 13, 2025, Plaintiffs propounded their second set of discovery requests to BTR-Way, which consisted only of two Requests for Production:

> **8. REQUEST FOR PRODUCTION**
> Please produce the entire personnel file of Azamat Samykbayev which should include documents related to application for employment, hiring, promotion, performance evaluations, discipline, payroll, attendance records and termination.
>
> **9. REQUEST FOR PRODUCTION**
> Please produce a copy of the front and back of the driver's license of Azamat Samykbayev.

*Id.* at att. 2, p. 5.  As of the date of filing the instant motion, December 17, 2025, BTR-Way had not provided responses to these requests. *Id.* at att. 1, p. 2.  Thus, Plaintiffs filed the instant Motion to Compel seeking an order compelling BTR-Way to respond to the discovery requests and awarding Plaintiffs reasonable expenses and attorneys' fees. Doc. 13.

Defendants BTR-Way and Samykbayev opposed the motion, alleging only that the responses have not been provided due to counsel's communication troubles with defendant Samykbayev. Doc. 18, p. 1.  Notably, the opposition does not object to the requests or provide an explanation as to why BTR-Way has not provided responses but simply asks the court for additional time to respond. *Id.*  Plaintiffs replied, noting that the requests were sent only to BTR-Way, and not to Samykbayev, highlighting the fact that communication issues with Samykbayev are no excuse for BTR-Way's failure to provide documents that should be in its possession. Doc. 19, p. 2.

## II.
### LAW AND ANALYSIS

### A. Motion to Compel

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Federal Rule

of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if the other party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Further, pursuant to Federal Rules of Civil Procedure 33 and 34, objections to an interrogatory or request for production must be made within thirty days after service of the requests. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).

The court agrees with Plaintiffs in this matter. Defendants BTR-Way and Samykbayev's only excuse for its failure to produce the requested documents is that counsel has had trouble communicating with Samykbayev. Doc. 18. The requests at issues, however, were not propounded on Samykbayev, but only upon BTR-Way, who offered no explanation as to its failure to respond in its opposition to the instant motion. *Id.* Moreover, BTR-Way has failed to timely object to the discovery at issue in this matter, therefore waiving any objections to Plaintiffs' requests.

Accordingly, granting *Plaintiffs' Motion to Compel Discovery Responses from Defendant BTR-Way Logistics, LLC* [doc. 13] is warranted.

### B. *Motion for Attorney Fees*

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, BTR-Way failed to timely answer Plaintiffs' discovery requests, which appear to be outstanding to date.  BTR-Way has also failed to timely object or posit any justification for their actions—or inactions—in this matter or to otherwise offer circumstances that would make an award of expenses unjust.  As such, the Court does not find any apparent circumstances that make an award of reasonable expenses and attorney fees unjust, and, instead, finds such an award against BTR-Way to be appropriate.

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that *Plaintiffs' Motion to Compel Discovery Responses from Defendant BTR-Way Logistics, LLC* [doc. 13] is **GRANTED**.  Defendant BTR-Way Logistics, LLC, shall provide full and complete responses to the outstanding discovery requests propounded by Plaintiffs [doc. 13, att. 2] within **twenty-one (21) days** after the date of this Memorandum

Order.  BTR-Way failed to timely object to the discovery at issue in this matter, and so all objections to Plaintiffs' discovery are waived, save and except for any objection on the basis of privilege.  Any privilege-based objections, however, must be made in accordance with Federal Rule of Civil Procedure 26(b)(5)(A), including providing an appropriate privilege log, to be preserved.  Further, in the event BTR-Way contends any of the documents compelled by this Memorandum Order do not exist or are not in its possession, custody, or control, BTR-Way shall so state in a declaration under oath or in an unsworn declaration under penalty of perjury (*see* 28 U.S.C. §1746) and such declaration shall be provided to Plaintiffs within the response deadline set forth above.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), an award is entered against BTR-Way Logistics, LLC, and in favor of Plaintiffs, for the reasonable expenses, including attorney fees, incurred by Plaintiffs in pursuing this Motion to Compel.

**IT IS FURTHER ORDERED** that, within fourteen (14) days after the date of this Memorandum Order, Plaintiffs shall file into the record a statement of fees and costs incurred in filing this Motion to Compel, which shall be supported by an affidavit setting forth the hours expended for the activities described in the statement, who performed the services, and the hourly rate applied to those hours.  BTR-Way Logistics, LLC, may submit a response to Plaintiffs' submission within seven (7) days after Plaintiff's submission is filed into the record.

**THUS DONE AND SIGNED** in chambers this 10th day of February, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**